UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER R. REICH,

                              Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      11-CV-6281L

                  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      On August 11, 2008, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff alleged an inability to work since May 1, 2007, due to residual effects of carpal tunnel release, including constant pain from his elbows to fingers and the inability to write or type for extended periods. (T. 32-37, 102, 114).

      His application was initially denied. Plaintiff requested a hearing, which was held on April 23, 2010. (T. 14-41). On April 30, 2010, Administrative Law Judge ("ALJ") Robert C. Dorf found that Plaintiff was not disabled. (T. 5-13). On April 5, 2011, the Appeals Council denied Plaintiff's request for review. (T. 1-4). Thereafter, Plaintiff filed this action, seeking judicial review pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      The Commissioner has moved (Dkt. # 7), and Plaintiff has cross moved (Dkt. # 9), for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the

Commissioner's motion is denied, the Plaintiff's cross motion is granted, and the case is remanded to the Commissioner for further proceedings consistent with this decision.

## DISCUSSION

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.  Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 16 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir. 1997)).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel,* 198 F. 3d 45, 52 (2d Cir. 1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

This same level of deference, however, does not encompass the Commissioner's conclusions of law.  *See Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir. 1984).  This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the Plaintiff was not disabled.  "Failure to apply the correct legal standards is grounds for reversal." *Id.* at 112.  Therefore, this Court first examines the legal standards applied, and then, if the standards

were correctly applied, considers the substantiality of the evidence.  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  *See also Schaal v. Apfel,* 134 F.3d 496, 504 (2d Cir. 1998).

**II. The ALJ's Decision**

It is well settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater,* 221 F.3d 126, 134 (2d Cir. 2000).  Furthermore, the ALJ must give good reasons in his decision as to the weight afforded the treating physicians' opinions.  *See* 20 C.F.R. § 404.1527(d)(2); *Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir. 1999).

Here, the ALJ committed error by failing to account for the medical opinion of Plaintiff's treating physician, Dr. Peter Ronchetti, as to Plaintiff's disability. The ALJ only referenced a note from Dr. Ronchetti dated June 21, 2006, wherein Dr. Ronchetti opined that after Plaintiff's 2005 surgeries the Plaintiff was capable of returning to work and lifting no more than five pounds.  In his decision, the ALJ correctly concluded that the medical opinion rendered by Dr. Ronchetti on June 21, 2006 related to Plaintiff's recuperation from his 2005 surgeries, and did not describe the Plaintiff's permanent condition.  Accordingly, the ALJ gave the June 21, 2006 opinion "fairly little weight".  (Tr.  12).  However, the ALJ failed to make any mention whatsoever of Dr. Ronchetti's later May 27, 2007 opinion that Plaintiff was permanently unable to lift more than five pounds.  In not acknowledging or addressing Dr. Ronchetti's May 27, 2007 assessment,  the ALJ failed to consider a significant piece of evidence concerning the Plaintiff's residual functional capacity ("RFC"), and an opinion which, if credited, would compel an RFC finding far more restrictive than the "light work" determination made by the ALJ.  The law in this Circuit requires that where an ALJ declines to give the treating physician's opinion controlling weight, he must set forth good reasons in his decision as to the weight afforded the treating physician's opinion. 20 C.F.R. § 404.1527 (d)(2); *See Snell,* 177 F.3d 128 at 134.  Here, the ALJ's failure to ever mention or discuss Dr. Ronchetti's May 27, 2007 opinion is an error of law which requires that the matter be remanded.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's cross motion for judgment on the pleadings (Dkt. #9) is granted and the matter is remanded for additional proceedings consistent with this opinion. Upon remand, the ALJ shall in his decision acknowledge and consider the opinions of Plaintiff's treating physicians, including the opinion of Dr. Peter Ronchetti, M.D., as articulated in his May 27, 2007 note regarding Plaintiff's permanent condition. Further, the ALJ shall explain the weight, if any, afforded to that opinion. The Commissioner's motion for judgment on the pleadings (Dkt. #7) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 24, 2012.